**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

                                     Case No. 08-20585
v.                                   Hon. Gerald E. Rosen

PETER HENDRICKSON,

      Defendant.

_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR REVERSAL OF SENTENCING
ENHANCEMENTS AND SETTING AMOUNT OF RESTITUTION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on          May 21, 2010         

PRESENT: Honorable Gerald E. Rosen
                       Chief Judge, United States District Court

At an April 19, 2010 hearing, the Court determined and imposed a sentence on Defendant Peter Hendrickson following his conviction by a jury on ten counts of filing a false document with the Internal Revenue Service ("IRS"), in violation of 26 U.S.C. § 7206(1). At the conclusion of this sentencing hearing, however, one matter remained for the Court's determination — specifically, the Court reserved the issue of restitution, and ordered the Government to recalculate a restitution amount that was limited to Defendant's wages for the relevant tax years, as well as his wife's income for those years in which Defendant and his wife filed jointly.

On April 21, 2010, the Government filed a supplemental sentencing memorandum in which it argues that the appropriate amount of restitution is $15,672.00. At a telephonic hearing held on April 27, 2010,[1] counsel for Defendant requested an opportunity to respond to the Government's supplemental submission, and promised to file this response by Friday, April 30, 2010. Instead, on May 12, 2010, Defendant filed an 18-page motion in which he invites the Court to revisit several of its rulings at the April 19 sentencing hearing, but which addresses only tangentially (at best) the issue of restitution.

The Court declines Defendant's invitation. Defendant and his counsel were given an extensive opportunity at the April 19 sentencing hearing to raise any issues bearing upon the determination of Defendant's sentence, and the Court ruled on each such issue raised by Defendant. In addition, Defendant and his counsel submitted a 26-page sentencing memorandum prior to the April 19 hearing, in which Defendant challenged various aspects of the Sentencing Guidelines calculations and sentencing recommendations set forth in a presentence investigation report prepared by the United States Probation Department.[2] Having carefully considered these issues raised by

---

[1]This April 27 telephonic hearing was convened principally to address an issue that was brought to the Court's attention following the April 19 sentencing hearing, concerning a statutory limitation on the Court's authority to impose consecutive terms of supervised release.

[2]To the extent that Defendant complains in his present motion about the Government's "eleventh hour" submission of a sentencing memorandum on April 16, 2010, the Court notes that Defendant's own sentencing memorandum was submitted only a day earlier, on April 15, 2010. It also is worth noting that Defendant did not request an adjournment of the April 19 sentencing hearing in order to afford him an opportunity to address the issues raised in the Government's

Defendant prior to his sentencing, and having ruled on these matters and explained these rulings at the April 19 sentencing hearing, the Court finds no basis for reconsidering these rulings.

Rather, the sole remaining task before the Court is to determine the amount of restitution. As noted, the Government contends that the proper amount of restitution is $15,672.00. To the extent that Defendant's post-sentencing submission even addresses this question, he evidently contends that this amount should be reduced to reflect exemptions and deductions that he could have claimed, but did not, in the returns and forms he filed with the Internal Revenue Service for the relevant tax years. Yet, as the Government points out in a May 16, 2010 response to Defendant's post-sentencing motion, a taxpayer's election to claim (or not claim) exemptions and deductions generally reflects a strategic decision by the taxpayer that the Government is not free to overrule in computing the amount of tax owed, and nothing in the record in this case suggests that Defendant's determinations to claim (or not claim) exemptions and deductions were the product of ignorance or mistake rather than deliberate choice. Accordingly, the Court finds that the amount of restitution sought by the Government is appropriate.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's May 12, 2010 motion for reversal of sentencing enhancements (docket #98) is DENIED. Next, IT IS

---

sentencing memorandum. To the contrary, Defendant and his counsel appeared to be fully prepared and able to address these issues at the April 19 hearing.

FURTHER ORDERED that the appropriate amount of restitution in this case is $15,672.00, as set forth in the Government's supplemental sentencing memorandum dated April 21, 2010. The Court will enter judgment accordingly.

                              s/Gerald E. Rosen
                              Chief Judge, United States District Court

Dated: May 21, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 21, 2010, by electronic and/or ordinary mail.

                              s/Ruth A. Gunther
                              Case Manager