# United States District Court
### Eastern District of Michigan

| United States of America | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| PETER HENDRICKSON | Case Number: 08CR20585-1 |
| | USM Number: 15406-039 |
| | |
| | Mark E. Cedrone; Jack R. Hendrickson, Jr. |
| | Defendant's Attorney |

**THE DEFENDANT:**

■ Was found guilty on count(s) **One through Ten of Indictment** after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 26 U.S.C. 7206(1) | Filing a False Document: Form 1040 | 4/15/07 | One through Four |
| 26 U.S.C. 7206(1) | Filing a False Document: Form 4852 | 4/15/07 | Five through Ten |

The defendant is sentenced as provided in pages **2 through 6** of this judgment. This sentence is imposed pursuant to the Sentencing Reform Act of 1984

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 19, 2010
Date of Imposition of Judgment



s/Gerald E. Rosen
United States Chief Judge

May 25, 2010
Date Signed

DEFENDANT:  PETER HENDRICKSON
CASE NUMBER:  08CR20585-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:  **33 months, on each count, concurrent.**

While in custody, the defendant shall participate in the Inmate Financial Responsibility Program.  The Court is aware of the requirements of the program, approves the payment schedule of this program, and hereby orders the defendant's compliance.

The defendant shall surrender for service of sentence at the institutuion designated by the Bureau of Prison: **before 2 p.m. on: a date to be determined by the Bureau of Prisons.  Bond is hereby Continued and shall be Cancelled upon the surrender of the defendant.**

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a
_____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy United States Marshal

AO245B [Rev. 12/03] Judgment in a Criminal Case
Sheet 3- Supervised Release
2:08-cr-20585-GER-DAS   Doc # 101   Filed 05/25/10   Pg 3 of 6   Pg ID 1885

Judgment-Page 3 of 6

DEFENDANT: PETER HENDRICKSON
CASE NUMBER: 08CR20585-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **one (1) year on each count, concurrent.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. Revocation of supervised release is mandatory for possession of a controlled substance.

■ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

**1)** the defendant shall not leave the judicial district without the permission of the court or probation officer;

**2)** the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

**3)** the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

**4)** the defendant shall support his or her dependents and meet other family responsibilities;

**5)** the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

**6)** the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

**7)** the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

**8)** the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

**9)** the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

**10)** the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

**11)** the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

**12)** the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

**13)** as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

**14)** the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. Revocation of supervised release is mandatory for possession of a firearm.

DEFENDANT:  PETER HENDRICKSON
CASE NUMBER:  08CR20585-1

# SPECIAL CONDITIONS OF SUPERVISION

■ The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

■ The defendant shall provide the probation officer access to any requested financial information.

**The defendant shall make monthly installment payments on any remaining balance of the restitution, fine, incarceration and superivision costs at a rate and schedule recommended by the probation department and approved by the Court.**

**The defendant is to make arrangements with the Internal Revenue Service regarding a monthly payment plan concerning the payment of back taxes, plus any interest or penalties that may accrue. The defendant is to provide the payment arrangement schedule with the Internal Revenue Service to the probation officer.**

DEFENDANT:  PETER HENDRICKSON
CASE NUMBER:  08CR20585-1

# CRIMINAL MONETARY PENALTIES

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 1,000.00 | $ 25,000.00 | $ 15,672.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| IRS - RACS | $15,672.00 | $15,672.00 | |
| ATTN: MAIL STOP 6261 (Restitution) | | | |
| 333 West Pershing Avenue | | | |
| Kansas City, Missouri  64108 | | | |
| **TOTALS:** | $ 15,672.00 | $ 15,672.00 | |

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    **the interest requirement is waived for the fine and restitution**

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  PETER HENDRICKSON
CASE NUMBER:  08CR20585-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:
[A] Lump sum payment of **$10,000.00** due immediately, balance due in accordance F below.

[F] Special instructions regarding the payment of criminal monetary penalties:  **The defendant shall make monthly installment payments on any remaining balance of the restitution  and fine imposed and incarceration and supervision costs at a rate and schedule recommended by the probation department and approved by the Court.**

Unless the court has expressly ordered otherwise in the special instructions above, while in custody, the defendant shall participate in the Inmate Financial Responsibility Program.  The Court is aware of the requirements of the program and approves of the payment schedule of this program and hereby orders the defendant's compliance.  All criminal monetary penalty payments are to be made to the Clerk of the Court, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.