IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,         :
                                  :
         Plaintiff,               :
                                  :
v.                                :   Case No. 08-20585
                                  :
PETER HENDRICKSON,                :
                                  :
         Defendant.               :

## MOTION OF DEFENDANT PETER HENDRICKSON
## FOR RELEASE PENDING APPEAL

Pursuant to 18 U.S.C. § 3143(b), Defendant Peter Hendrickson respectfully moves this Court for release pending the completion of his appeal of his conviction. In support of this Motion, Peter Hendrickson represents as follows:

1. On October 26, 2009, a jury convicted Mr. Hendrickson of ten counts of willfully filing a false document under 26 U.S.C. § 7206(1).

2. The criteria for release pending appeal are set forth in 18 U.S.C. § 3143(b)(1). Under section 3141(b)(1), the Court must release a convicted defendant if: (1) the defendant is not likely to flee or pose a danger to the safety of others or to the community in general; (2) the purpose of the appeal is not to delay; (3) the appeal raises a substantial question of law or fact; and (4) a favorable determination on appeal likely would result in reversal of the decision below or a reduced term of imprisonment that may expire prior to the completion of the appeal. 18 U.S.C. § 3143(b)(1).

3. In the context of a conviction under 26 U.S.C. § 7206(1), in *U.S. v. DeSimone,*

1

424 F.Supp.2d 344 (D.R.I. 2006), the Rhode Island Federal District Court, the Honorable William E. Smith presiding, held that release on bail is appropriate where the Defendant presented a "close question" for appeal based on the trial court's evidentiary decision to preclude the Defendant from introducing evidence that formed the basis for his belief in filing the allegedly false tax return.  The Court, after noting that a violation of section 7206(1) is a "specific intent" crime according to the 1991 United States Supreme Court decision in *Cheek v. United States,* 489 U.S. 192 (1991), granted the defendant's motion for release on bail because the trial court had excluded evidence that, if admitted, would have showed that the defendant believed that his filings complied with the requirements of the tax code when he filed them:

> Defendant signed his tax return believing that the return complied with the requirements of the tax code, that evidentiary errors at trial precluded the jury from hearing this exculpatory evidence and reversal is likely to result. 424 F. Supp.2d at 345.

The Sixth Circuit has, to date, not decided a release on bail motion under section 3143(b)(1) in the context of a conviction under 26 U.S.C. § 7206(1).  Furthermore, the precluded evidence in *DeSimone,* conversations between a business attorney and tax accountant, was not as powerfully compelling as the evidence excluded in the present case—the actual statutes upon which Mr. Hendrickson based his return filings. *Accord, U.S. v. Bass,* 784 F.2d 1282 (5th Cir. 1986) (trial court reversed for usurping the role of the jury by instructing the jury that defendant, as a matter of law, was an employee as defined by the Code).

   4. Mr. Hendrickson does not present a risk of flight or of danger to any other person or to the community in general.  Clear and convincing evidence supports that finding.

   5. As explained further in the accompanying Memorandum of Law, the appeal raises several substantial issues, including whether the Court's instruction to the jury was legally

2

correct and whether the Court substantially prejudiced Mr. Hendrickson when it failed to respond to the jury's request to review sections 3401 and 3121, the sections upon which Mr. Hendrickson concluded that his tax filings were legally and factually correct. This is an important and substantive issue—Mr. Hendrickson is appealing it for purposes of obtaining a open, fair and impartial criminal prosecution process, not for purposes of delay.

6. A favorable appellate outcome will result in, at a minimum, a new trial and perhaps even a dismissal of the government's indictment against Mr. Hendrickson.

7. Pursuant to Local Rule 7.1, Defendant's counsel attempted to obtain the government's concurrence in this motion. Mr. Daly denied this request.

Accordingly, this Motion should be granted for the reasons stated in the accompanying Memorandum of Law.

Respectfully submitted,

William B. Butler

Dated: _____, 2010    By:    /s/ William B. Butler
William B. Butler, Esquire
Attorney I.D. No. 227912
William B. Butler PLLC
Suite 4100
33 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 630-5177
E-Mail: bill@libertaslex.com;
butlerpllc@comcast.net

ATTORNEY FOR DEFENDANT

3