UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                Case No. 08-20585
                                Hon. Gerald E. Rosen

PETER HENDRICKSON,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S
## MOTION FOR RELEASE PENDING APPEAL

      At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         June 14, 2010      

      PRESENT: Honorable Gerald E. Rosen
                           Chief Judge, United States District Court

By motion filed on June 9, 2010, Defendant Peter Hendrickson requests that he be permitted to remain free on bond pending the resolution of his appeal of his conviction and sentence. This request is governed by 18 U.S.C. § 3143(b)(1), which provides in pertinent part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds —
>
>     (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and

>> (B)  that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in —
>> 
>> (i)  reversal,
>> (ii)  an order for a new trial,
>> (iii)  a sentence that does not include a term of imprisonment, or
>> (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).  "This statute creates a presumption against release pending appeal."  *United States v. Sabino,* No. 04-3499, 97 F. App'x 626, 627 (6th Cir. May 14, 2004) (citing *United States v. Vance,* 851 F.2d 166, 169-70 (6th Cir. 1988)).

The Court finds that Defendant has not overcome this presumption against release, because he has not identified a substantial question of law or fact that he intends to pursue on appeal.  The Sixth Circuit has explained that the "substantial question" prong of § 3143(b)(1) is satisfied if "the appeal presents a close question or one that could go either way . . . the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor."  *United States v. Pollard,* 778 F.2d 1177, 1182 (6th Cir. 1985) (internal quotation marks and citation omitted).  The "substantial questions" identified in Defendant's present motion are precisely the same issues he raised at trial and in his post-verdict motion for a judgment of acquittal or new trial.  This Court has thoroughly addressed and rejected these challenges — most of them on more than one occasion.  Upon once again considering the issues raised in Defendant's present motion, the Court

cannot say that any of them "present[] a close question or one that could go either way," such that Defendant's release pending appeal would be warranted under § 3143(b)(1). To the contrary, Defendant merely rehashes legal challenges that have very little prospect of success on appeal, for the reasons previously explained in the Court's various pre-trial, trial, and post-verdict opinions and rulings.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's June 9, 2010 motion for release pending appeal (docket #108) is DENIED.

                                         s/Gerald E. Rosen
                                         Chief Judge, United States District Court

Dated: June 14, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 14, 2010, by electronic and/or ordinary mail.

                                         s/Ruth A. Gunther
                                         Case Manager