UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                        Case No. 08-20585
                                        Hon. Gerald E. Rosen

PETER HENDRICKSON,

    Defendant.

_____/

**ORDER DISMISSING DEFENDANT'S MOTIONS
TO VACATE SENTENCE AND TO DISQUALIFY JUDGES**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       April 21, 2011      

PRESENT:  Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

      Defendant Peter Hendrickson was convicted by a jury on ten counts of filing a false document with the Internal Revenue Service ("IRS"), in violation of 26 U.S.C. § 7206(1), and he was sentenced to a 33-month term of imprisonment in a judgment entered on May 25, 2010. Defendant has appealed his conviction and sentence, and this appeal remains pending before the Sixth Circuit Court of Appeals. Nonetheless, through the present motions filed on April 14, 2011, Defendant seeks to challenge his conviction and sentence under 28 U.S.C. § 2255, and he requests that this matter be reassigned to and handled by a different District Judge.

      Upon reviewing Defendant's two motions, the Court readily concludes that they

should not be addressed on their merits, but instead should be dismissed as premature. The Sixth Circuit and other courts have repeatedly emphasized that "in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi v. Pontesso,* 135 F.3d 1122, 1124 (6th Cir. 1998); *see also Smith v. United States,* No. 95-3980, 1996 WL 330864, at *1 (6th Cir. June 14, 1996); *Landis v. United States,* No. 87-1200, 1987 WL 44458, at *1 (6th Cir. Sept. 25, 1987); *United States v. Robinson,* 8 F.3d 398, 405 (7th Cir. 1993) (collecting cases); *United States v. Brown,* 154 F. Supp.2d 1055, 1067 (E.D. Mich. 2001); *Black v. United States,* No. 09-20093, 2010 WL 5067415, at *1 (E.D. Mich. Dec. 7, 2010). This rule rests upon the recognition that "[a]n application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal," as well as the practical consideration that "determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary." *Capaldi,* 135 F.3d at 1124; *see also Robinson,* 8 F.3d at 405 ("The rationale for the rule is a sound one: the disposition of the appeal may render the § 2255 motion moot." (internal quotation marks, citation, and alterations omitted)).

      Defendant has not identified any extraordinary circumstances that would warrant the immediate consideration of his § 2255 motion while his direct appeal remains pending. To the extent that Defendant's motion raises challenges to the Court's evidentiary rulings at trial or the sufficiency of the evidence to sustain his conviction, these are matters that may readily be pursued (and perhaps are being pursued) in

Defendant's pending appeal, and this Court declines to interfere with the Sixth Circuit's consideration of these or any other issues that are (or could be) pending before the appellate court.  This leaves only Defendant's challenge to the effectiveness of his legal representation at trial.  While it is true that the Sixth Circuit often elects not to address such challenges on direct appeal, the courts nonetheless have declined to view this as an extraordinary circumstance that warrants an exception to the usual rule against addressing a § 2255 motion while a direct appeal is pending.  *See, e.g., Smith,* 1996 WL 330864, at *1; *Robinson,* 8 F.3d at 405.  Accordingly, the Court finds that this usual rule is fully applicable here, and that Defendant's motion should be dismissed as premature.

In light of this conclusion, it follows that there is no need for the Court to address Defendant's motion for recusal at the present juncture.  The only matter pending before the Court in this case, Defendant's § 2255 motion, has now been dismissed.  In the event that there are further proceedings before the Court in this case, Defendant may pursue his request for recusal at that time if he so desires.  In the meantime, the Court elects to dismiss Defendant's motion for recusal as not ripe for consideration or determination.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's April 14, 2011 motion to vacate, set aside or correct his conviction pursuant to 28 U.S.C. § 2255 (docket #117) is DISMISSED without prejudice.  IT IS FURTHER ORDERED that Defendant's April 14, 2011 motion to disqualify judges (docket #116) is DISMISSED as not ripe for the Court's consideration.

                                    s/Gerald E. Rosen
                                    Chief Judge, United States District Court

Dated:  April 21, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 21, 2011, by electronic and/or ordinary mail.

                                    s/Ruth A. Gunther
                                    Case Manager