UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                       Case No. 08-20585

v.                                     Hon. Gerald E. Rosen

PETER HENDRICKSON,

       Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR RELEASE PENDING RESENTENCING**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      March 22, 2012

PRESENT:  Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

       In an opinion issued on February 8, 2012, the Sixth Circuit Court of Appeals affirmed the conviction of Defendant Peter Hendrickson on ten counts of filing a false document in violation of 26 U.S.C. § 7206(1), but vacated his 33-month sentence and remanded the case to this Court for resentencing. By motion filed on February 13, 2012, Defendant requests that he be released from custody pending the resentencing hearing ordered by the Sixth Circuit. For the reasons stated below, the Court finds that this relief is unwarranted.

       In Defendant's view, his present request for release pending resentencing is governed by a statutory provision, 18 U.S.C. § 3143(a)(1), that specifies the conditions

under which a court may release a defendant who has been convicted but is awaiting sentencing. This provision states in pertinent part:

> . . . [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . .

18 U.S.C. § 3143(a)(1). Defendant contends that he satisfies the prerequisites for release under this provision, where he never violated any condition of his release prior to his conviction and initial sentence, and where there otherwise is no indication in the record that he is a flight risk or poses a danger to the community.

Under analogous circumstances, however, the courts have been reluctant to invoke § 3143(a)(1) to order the release of a defendant who, like Defendant here, is currently serving a sentence pursuant to a conviction that has been affirmed, but who is awaiting resentencing. In *United States v. Holzer,* 848 F.2d 822, 824 (7th Cir. 1988), for example, the Seventh Circuit held that § 3143(a)(1) "has reference to the situation where a defendant is awaiting sentencing the first time, and does not apply where the defendant is awaiting resentencing." Under the particular facts of that case, the court reasoned that the release of the defendant pending his resentencing would not advance the objectives of the statute:

> The reason for not imprisoning a convicted defendant (unless he is likely to flee or is a public menace) before he is sentenced is that the sentence may not be a sentence of imprisonment, or may be a sentence for a shorter period of imprisonment than the interval between conviction and sentencing; or that the defendant needs some time to get his affairs in order.

2

> The reason has no application to a case where the defendant's conviction for extortion has been upheld and a sentence of eighteen years remanded solely to give the judge a chance to consider a possible, though doubtless modest, reduction because the court of appeals has vacated a concurrent sentence. It is not within the realm of realistically foreseeable circumstances that [the district judge] on remand will reduce [the defendant's] sentence from eighteen years to eighteen months (the time he has served already); but only if he would, would bail pending resentencing serve the purposes of the statute.

*Holzer,* 848 F.2d at 824 (citation omitted).

To be sure, the facts here are not as stark as in *Holzer,* where the defendant had served only a small fraction of the prison term that was likely to be imposed at resentencing. Here, in contrast, Defendant's sentencing range under the U.S. Sentencing Guidelines was originally calculated as 27 to 33 months for each of the ten counts of conviction, and he was sentenced to 33-month concurrent terms of imprisonment for each of these counts. Under the remand ordered by the Sixth Circuit, Defendant states that he will face a revised Guidelines sentencing range of 21 to 27 months, so that resentencing at the upper end of this range would result in a 27-month term of imprisonment. According to Defendant, a 27-month sentence would leave him "with only approximately three months left of his sentence." (Defendant's Motion at 4.) The circumstances presented in *Holzer* were far different, with the defendant in that case facing a likelihood of several additional years of incarceration despite his resentencing.

Nonetheless, while Defendant here does not face additional years of incarceration, neither can it be said that he has already served the entirety of the term of imprisonment that is likely to be imposed at his forthcoming resentencing. Under these circumstances,

where a defendant has begun serving his term of imprisonment but at least some portion of this sentence remains to be served, the courts have elected to follow the ruling in *Holzer* and deny release pending resentencing. In *United States v. Krilich,* 178 F.3d 859, 861-62 (7th Cir. 1999), for instance, the court elected to follow its prior ruling in *Holzer* and deny the defendant's request for release on bond pending his resentencing, explaining that in that case, as in *Holzer,* the defendant was almost certain to face continued confinement upon imposition of a new sentence. In support of this decision, the court reasoned that "[b]reaking a sentence in the middle does not promote any end other than reducing the effective penalty by allowing a holiday or, worse, providing an opportunity to escape." *Krilich,* 178 F.3d at 862.

Similarly, in *United States v. Olis,* 450 F.3d 583, 586-87 (5th Cir. 2006), the Fifth Circuit affirmed a district court decision to deny the defendant's motion for bail pending his resentencing, where the defendant had served less than the shortest term of imprisonment he likely faced at resentencing. In denying the defendant's request for bail, the district court had elected to follow the Seventh Circuit's decision in *Holzer,* and the Fifth Circuit found that this "result comports with the goals of the statute and with common sense." *Olis,* 450 F.3d at 586. The court explained that to apply § 3143(a)(1) and order the defendant's release pending his resentencing "would lead to an absurd result: [the defendant] would be temporarily released, only to return to prison for the


remainder of his sentence." 450 F.3d at 586.[1]

Precisely the same can be said here. While Defendant has served most of his now-vacated 33-month sentence, and while the Court cannot predict the term of imprisonment it will see fit to impose at Defendant's forthcoming resentencing, Defendant recognizes in his present motion that he likely has not yet served the entirety of the prison term that he faces at resentencing. Under these circumstances, this Court concurs in the reasoning of the above-cited rulings — namely, that it makes no sense to temporarily release Defendant from confinement, only to order him returned to custody to serve the remainder of the prison term imposed by the Court at resentencing. Rather, the Court

---

[1] In both *Krilich* and *Olis,* the courts considered the possibility that the defendant's request for release pending resentencing should be governed by § 3143(b)(1), rather than § 3143(a)(1). *See Olis,* 450 F.3d at 586-87; *Krilich,* 178 F.3d at 861. Subsection (b)(1) of the statute applies to defendants who have been convicted and sentenced but have filed either an appeal or a petition for a writ of certiorari. This provision sets a more stringent standard for release than § 3143(a)(1), as it establishes a presumption against release unless the court finds **both** that the defendant is neither a flight risk nor a danger to the community, **and** that his appeal "raises a substantial question of law or fact likely to result in" reversal, a new trial, or a sentence less than the time already served or to be served during the appeal. 18 U.S.C. § 3143(b)(1). The court in *Krilich* observed that the defendant in that case fit the circumstances described in both subsections of § 3143, since his case had been remanded for resentencing but he also planned to file a petition for certiorari. *Krilich,* 178 F.3d at 861. This posed a dilemma, where "[s]ection 3143 does not specify what happens when both subsections read on the situation," and where "[a]pplication of both at once is impossible" because "they prescribe different standards." 178 F.3d at 861.

This case potentially poses the same dilemma. Shortly after he brought the present motion, Defendant filed a petition with the Sixth Circuit requesting *en banc* rehearing, and thereby extended the life of his pending appeal. Although this request has since been denied as untimely, the deadline has not yet passed for Defendant to file a petition for a writ of certiorari, and the record does not disclose whether he plans to do so. Notably, to the extent that Defendant's request for release might be governed by subsection (b)(1) rather than (a)(1) of the statute, both this Court and the Sixth Circuit have denied Defendant's prior requests for release under § 3143(b)(1).

finds that both the terms of § 3143 and the purposes behind this statute are best served by continuing Defendant's term of incarceration without interruption, so that he may expeditiously serve the remainder of his sentence as determined by the Court at his forthcoming resentencing hearing.[2]

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's February 13, 2012 motion for release pending resentencing (docket #121) is DENIED.  In light of this ruling, IT IS FURTHER ORDERED that Defendant's March 12, 2012 motion for an expedited ruling on his motion for release (docket #122) is DENIED AS MOOT.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  March 22, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2012, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager

---

[2] The Court plans to schedule this hearing soon after the Sixth Circuit issues its mandate.