# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                 Case No. 08-20585

v.                                  Hon. Gerald E. Rosen

PETER HENDRICKSON,

       Defendant.

_____/

## ORDER TO SHOW CAUSE
## REGARDING FORTHCOMING RESENTENCING HEARING

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____April 5, 2012_____

PRESENT:  Honorable Gerald E. Rosen
                   Chief Judge, United States District Court

In a judgment entered on May 25, 2010, Defendant Peter Hendrickson was

sentenced to a 33-month term of imprisonment for each of the ten counts of conviction,

with these 33-month terms to be served concurrently.  Defendant then pursued an appeal

from his conviction and sentence, but also filed an April 14, 2011 motion with this Court

seeking to vacate, set aside, or correct his conviction and sentence.  This motion stated on

its face that it was signed, filed, and served by Jack R. Hendrickson, Jr., Defendant's

brother, who was one of the three attorneys who represented Defendant at trial.  (*See*

Defendant's 4/14/2011 Motion at 20.)  In addition, the motion was accompanied by a

sworn affidavit purportedly executed by attorney Jack Hendrickson, in which he spoke of

the "confusion" exhibited by his co-counsel, Mark Lane, at various "key moments" during Defendant's trial, with Mr. Hendrickson concluding in this affidavit that Defendant's "constitutional right to a fair trial was utterly compromised" as a result of Mr. Lane's performance.  (Defendant's 4/14/2011 Motion, Ex. D, Jack Hendrickson Affidavit.)

By order dated April 21, 2011, the Court dismissed Defendant's motion without prejudice as premature in light of Defendant's pending Sixth Circuit appeal.  Shortly thereafter, attorney Jack Hendrickson wrote to the Court, stating in a June 2, 2011 letter that Defendant "entirely wrote and filed [the April 14, 2011] motion under my name [and] using my password" to gain access to the Court's electronic filing system, contrary to Jack Hendrickson's "mistaken understanding . . . that [Defendant] was filing it pro se." (Jack Hendrickson 6/2/2011 Letter to Court at 1.)[1]  This letter further expressed Jack Hendrickson's view that his co-counsel, Mr. Lane, "presented the case professionally" at Defendant's trial, and he sought more generally in his letter to "clear any damage to Mark Lane which may have been caused by" the motion filed by Defendant.  (*Id.* at 1-2.) Plainly, this letter, when juxtaposed against Defendant's April 14, 2011 motion, raises a number of troubling issues.

Defendant's Sixth Circuit appeal has now been resolved, with the Court of

_____

[1]In a telephone call to the Court's case manager shortly after Defendant filed his April 14, 2011 motion, Jack Hendrickson made similar assertions that he was not involved in the preparation of the motion, and that it was filed without his knowledge or assistance.

2

Appeals issuing a February 8, 2012 ruling in which it affirmed Defendant's convictions but vacated his sentence and remanded for resentencing. Accordingly, the case has now returned to this Court for a forthcoming resentencing hearing. Upon reviewing Defendant's April 14, 2011 motion in light of the June 2, 2011 letter sent to the Court by attorney Jack Hendrickson, the Court has determined that the concerns raised by Defendant's motion should be addressed at Defendant's resentencing hearing, and that the parties and their counsel should be placed on notice so that they will be prepared to discuss these concerns at the forthcoming hearing.[2]

In particular, under § 3C1.1 of the United States Sentencing Guidelines, a defendant is subject to a two-level increase in his offense level if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." As examples of obstructive conduct covered by § 3C1.1, the accompanying application notes cite the production of "a false, altered, or counterfeit document or

---

[2]Counsel will be provided with copies of Jack Hendrickson's June 2, 2011 letter in advance of the resentencing hearing.

The Court notes that, as of the date of this order, there remains an outstanding question as to who will represent Defendant at the resentencing hearing. The Court understands that Defendant might not wish to be represented at this proceeding by Mark Lane or by Mark Cedrone, another member of Defendant's team of trial counsel. It also is clear, in light of the developments discussed in this order, that it would not be appropriate for Jack Hendrickson to represent Defendant at the resentencing hearing. Accordingly, in a notice issued on April 4, 2012, Defendant and his existing trial counsel have been directed to resolve this issue, and the Court has adjourned the resentencing hearing without date until it has been advised as to who will represent Defendant at this hearing.

3

record during a[] . . . judicial proceeding," as well as the submission of "materially false

information to a judge."  U.S. Sentencing Guidelines § 3C1.1, cmt. n.4(C),(F).

The misrepresentations contained or otherwise embodied in Defendant's April 14,

2011 motion arguably qualify as obstructive conduct within the meaning of § 3C1.1 and

its application notes.  This motion purports on its face to have been written, signed, and

filed by an attorney, Jack Hendrickson, who has stated in a communication to Court that

he did not, in fact, perform these tasks.  In addition, the motion is accompanied by a

sworn affidavit purportedly executed by Jack Hendrickson, but Mr. Hendrickson's June 2,

2011 letter to the Court certainly suggests, if it does not state outright, that he did not

make and does not attest to the statements attributed to him in this affidavit.  The motion

and affidavit, then, appear to be false or counterfeit documents that have been produced

during judicial proceedings in this case, and their filing seemingly constitutes the

submission of materially false information to the Court.  Alternatively, to the extent that

Defendant's submission of the April 14, 2011 motion and accompanying affidavit of Jack

Hendrickson would not trigger a two-level increase under § 3C1.1 of the Sentencing

Guidelines, the Court nonetheless may consider Defendant's post-sentencing conduct at

the forthcoming resentencing hearing, as part of the Court's overarching task of

determining an appropriate sentence under 18 U.S.C. § 3553.  *See, e.g., Pepper v. United

States,* 131 S. Ct. 1229, 1249 (2011); *Wasman v. United States,* 468 U.S. 559, 572, 104 S.

Ct. 3217, 3225 (1984)*.*

Accordingly, for these reasons,

4

NOW, THEREFORE, IT IS HEREBY ORDERED that at Defendant's forthcoming resentencing hearing, Defendant and his counsel shall be prepared to address the question whether Defendant's offense level and resulting sentencing range under the U.S. Sentencing Guidelines should reflect a two-level increase under § 3C1.1 of the Guidelines for conduct that constituted a willful obstruction or attempted obstruction of the administration of justice.  IT IS FURTHER ORDERED that Defendant and his counsel shall also be prepared to address the question whether, in the absence of a two-level increase under § 3C1.1 of the Sentencing Guidelines, Defendant's post-sentencing conduct should nonetheless be considered in the Court's determination of an appropriate sentence under 18 U.S.C. § 3553.

SO ORDERED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  April 5, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 5, 2012, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager

5