IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 2:08-cr-20585-GER-DAS-1 |
| : | |
| PETER HENDRICKSON : | |

**<u>DEFENDANT'S SENTENCING MEMORANDUM</u>**

Defendant Peter Hendrickson, by and through his undersigned counsel, submits this Memorandum to assist the Court in resentencing Mr. Hendrickson following remand by the Sixth Circuit Court of Appeals. For the reasons set forth below, Mr. Hendrickson urges the Court to impose a time-served sentence.

**I.    <u>INTRODUCTION/PROCEDURAL HISTORY</u>**

On May 15, 2012, defendant Peter Hendrickson will appear before this Court to be resentenced following remand by the Sixth Circuit Court of Appeals.

Mr. Hendrickson will not belabor the Court with a detailed recitation of the procedural history of this matter. The early procedural history of this case is set forth in the Presentence Investigation Report prepared by the United States Probation Office dated March 9, 2010 (hereinafter "PIR").[1]

On April 19, 2010, the Court sentenced Mr. Hendrickson to a term of imprisonment of thirty-three (33) months, which represented a sentence at the upper end of the twenty-seven (27)

---

[1] Following recent discussions with the United States Probation Department, counsel expects that an updated PIR will soon be prepared. Counsel desired the Probation Department to confirm Mr. Hendrickson's positive institutional adjustment since commencing service of sentence. As of this writing, however, counsel has not yet received any such report.

to thirty-three (33) month guideline imprisonment range determined by the Court.[2] Through a timely Notice of Appeal, Mr. Hendrickson appealed his conviction and sentence. Mr. Hendrickson commenced service of his sentence on or about June 29, 2010.

While his direct appeal was pending before the Sixth Circuit Court of Appeals, on April 14, 2011, Mr. Hendrickson, through co-counsel of record Jack Hendrickson, filed a Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (hereinafter "§ 2255 Motion"). On April 21, 2011, the Court dismissed Mr. Hendrickson's § 2255 Motion without prejudice as premature in light of defendant's direct appeal.

On or about February 8, 2012, the Court of Appeals for the Sixth Circuit issued an Opinion affirming Mr. Hendrickson's conviction, but finding error in this Court's sentence. Specifically, the Court of Appeals disagreed with this Court's imposition of a two-level enhancement under U.S.S.G. §3C1.1 for obstruction of justice. Consequently, the Sixth Circuit Court of Appeals remanded the matter for resentencing. Mr. Hendrickson submits this Memorandum to assist the Court in determining a fair and appropriate sentence in light of the Sixth Circuit Court of Appeals' Opinion. As discussed below, Mr. Hendrickson urges the Court to impose a time-served sentence.

---

[2] At sentencing, Mr. Hendickson raised several objections to the guideline calculation contained in the PIR. Specifically, Mr. Hendrickson objected to portions of the tax loss calculations and application of the obstruction of justice enhancement under U.S.S.G. 3C1.1. The government requested an upward variance which the Court denied. The government did not appeal the Court's denial of its request for upward variance.

2

## II. ANALYSIS

On one level, this really should be a very simple proceeding. The Court of Appeals determined that this Court erroneously applied a two-level enhancement for obstruction of justice under U.S.S.G. §3C1.1 and remanded the matter. The obstruction of justice enhancement was based exclusively on this Court's view that Mr. Hendrickson lied concerning the status of a civil judgment entered against him by a sister federal court. This was the only basis upon which this Court applied the obstruction enhancement under U.S.S.G. §3C1.1.

In light of the Court of Appeals' ruling, and all other factors remaining equal[3], the sentencing guidelines reflect a total offense level of 16 with a corresponding imprisonment range of 21 – 27 months.[4] If the Court sentences Mr. Hendrickson consistent with the approach employed at the April 19, 2010 sentencing, the Court should impose a sentence of no more than 27 months. Mr. Hendrickson, however, suggests the Court impose a time-served sentence.[5]

This presumptively simple matter has now been complicated by a letter dated June 2, 2011 from Jack Hendrickson, one of several counsel of record, who was involved in and authorized the filing of the § 2255 Motion. On June 2, 2011, Jack Hendrickson wrote this Court and essentially stated he had nothing to do with the filing of the § 2255 Motion except that he allowed defendant to use his ECF login and password to file the § 2255 Motion as a *pro se*

---

[3] There may be an issue concerning tax loss not previously raised and, hence, not addressed by the Court of Appeals. Whether and the extent to which Mr. Hendrickson can/will challenge tax loss has not yet been decided.

[4] Mr. Hendrickson's case falls in Criminal History Category I.

[5] Per the Bureau of Prison's website, Mr. Hendrickson, who commenced service of his sentence on June 29, 2010, is currently scheduled to be released from custody on November 18, 2012. If the Court simply reduces Mr. Hendrickson's sentence to 27 months, he may very well serve more time than the sentence should permit. He will certainly not receive the benefit of any pre-release custody under 18 U.S.C. §3624(c). Counsel will be prepared to address these issues at the May 15, 2012 resentencing.

pleading. Additionally, Jack Hendrickson's letter suggests that he did/does not concur with the allegations laid in the § 2255 Motion and its supporting Affidavit.

In light of Jack Hendrickson's letter to the Court dated June 2, 2011, on April 5, 2012, this Court issued an Order to Show Cause directing the parties to address whether Peter Hendrickson is subject to a two-level increase for obstruction of justice under U.S.S.G. §3C1.1 in connection with perceived misconduct related to the filing of the § 2255 Motion. In its Order to Show Cause, the Court essentially credits Jack Hendrickson's letter and suggests that there may have been misrepresentations contained or otherwise embodied in defendant's April 14, 2011 § 2255 Motion.

In fact, the Court all but concludes that the § 2255 Motion contained misrepresentations. Specifically, in its April 5, 2012 Order to Show Cause, the Court states:

> The misrepresentations contained or otherwise embodied in defendant's April 14, 2011 Motion arguably qualify as obstructive conduct within the meaning of § 3C1.1 and its application notes.

Before the Court can consider whether "misrepresentations contained or otherwise embodied" in the § 2255 Motion qualify as obstructive conduct, the Court must preliminarily determine whether the § 2255 Motion contains misrepresentations. On this point, defendant is confident the Court will rule in his favor.

On page 5 of its Order to Show Cause, the Court focuses on two potential misrepresentations. First, the Court states:

> [The § 2255 Motion] purports on its face to have been written, signed and filed by attorney, Jack Hendrickson, who stated in a communication with the Court that he did not, in fact, perform these tasks.

4

In addition, the Court raises a second area of potential misrepresentation. Specifically, the Court states:

> In addition, the Motion is accompanied by a sworn Affidavit purportedly executed by Jack Hendrickson, but Mr. Hendrickson's June 2, 2011 letter to the Court certainly suggests, if it does not state outright, that he did not make and does not attest to the statements attributed to him in the Affidavit.

The Court correctly concludes that misrepresentations were made to the Court. The misrepresentations, however, are contained in Jack Hendrickson's June 2, 2011 letter (a copy of which is attached hereto as Exhibit "A"). Specifically, in his June 2, 2011, Jack Hendrickson falsely attempts to distance himself from the § 2255 Motion and his attached Affidavit. As is discussed below, there is no question that as of the filing of the § 2255 Motion, Jack Hendrickson attested to the positions taken and statements made in the Motion and knew and authorized the Motion to be filed in his name and not as a *pro se* pleading.[6]

### 1. Jack Hendrickson was Deeply Involved in the Preparation, Signing, and Filing of Defendant's April 14, 2011 § 2255 Motion.

Notwithstanding his letter of June 2, 2011 to the Court, Jack Hendrickson was deeply involved in the preparation, signing, and filing of the § 2255 Motion. Jack Hendrickson did not, however, draft the Motion. The Motion was drafted through the combined efforts of Peter Hendrickson and Sarah Waltner, a paralegal who assisted Peter Hendrickson in connection with the § 2255 Motion and other pleadings. Although Jack Hendrickson did not actually draft the Motion, he reviewed it during the drafting process, agreed with its content, and authorized/directed Ms. Waltner to file the Motion using his Electronic Case Filing ("ECF")

---

[6] Defendant will not, at this time, argue the veracity of the factual allegations laid in the § 2255 Motion, as those matters are not before the Court.

5

account information. This --Jack Hendrickson's active participation and involvement in the preparation and filing of the § 2255 Motion-- is easily established through review of several e-mail communications.

As stated in earlier submissions to this Court, undersigned counsel has firsthand knowledge that Jack Hendrickson was deeply involved in at least the preparation of the § 2255 Motion. In early January, 2011, Jack Hendrickson reached out to undersigned counsel and asked counsel to call him "on a matter of urgent import." Attached hereto as Exhibit "B.1" is a copy of Reyn (Jack) Hendrickson's January 4, 2011 e-mail to undersigned counsel. Thereafter, undersigned counsel called Jack Hendrickson who informed counsel that defendant Peter Hendrickson was working on a § 2255 Motion which would allege ineffective assistance of lead trial counsel Attorney Mark Lane. Jack Hendrickson asked undersigned counsel if he would sign an Affidavit in support of that Motion.

Later on January 4, 2011, Jack Hendrickson sent undersigned counsel a proposed Affidavit for counsel's signature. Copies of that proposed Affidavit and the e-mail under which Jack Hendrickson sent it to undersigned counsel are attached hereto as Exhibit "B.2."

On January 21, 2011, undersigned counsel after receiving telephone calls from Jack Hendrickson and Sarah Waltner, responded to Jack Hendrickson's request that undersigned counsel sign an Affidavit. Undersigned counsel stated that he would not sign any Affidavit and that he did not necessarily agree with the facts as represented in the proposed Affidavit submitted to him by Jack Hendrickson. Attached hereto as Exhibit "B.3" is a copy of undersigned counsel's e-mail to Jack Hendrickson dated January 21, 2011.

Consistent with the several above e-mails, at his upcoming resentencing, defendant will establish that during the entire time period beginning in late November, 2010 through the filing

of the § 2255 Motion on April 14, 2011, Jack Hendrickson remained deeply involved in the preparation of the § 2255 Motion. The Motion was actually typed and formatted by Sarah Waltner, a paralegal. During the relevant time period (November, 2010 through April 14, 2011), Ms. Waltner exchanged multiple e-mail communications with Jack Hendrickson in which various drafts of the § 2255 Motion were exchanged and reviewed. By way of example, attached hereto as Exhibit "C" are several e-mails between Sarah Waltner and Jack Hendrickson, as follows:[7]

1. <u>Bates Nos. 00089-90</u> – November 30, 2010 e-mail from Jack Hendrickson to Doreen Hendrickson and others in which Jack Hendrickson states that the § 2255 Motion and another pleading "looks well organized and hit home."

2. <u>Bates No. 000011</u> – February 5, 2011 (10:37 AM) - e-mail from Sarah Waltner to Doreen Hendrickson, with a copy to Reyn (Jack) Hendrickson, attaching the draft of the § 2255 Motion and Affidavit of Bias.

3. <u>Bates No. 000012</u> - February 5, 2011 (12:03 PM) - e-mail from Reyn (Jack) Hendrickson to Sarah Waltner referring to what was sent earlier "these look great."

4. <u>Bates No. 000022</u> - February 15, 2011 (1:06 PM) - e-mail from Sarah Waltner to Doreen Hendrickson and Reyn (Jack) Hendrickson attaching the Affidavit of Bias and asking Reyn (Jack) to sign a Certificate on the last page.

5. <u>Bates Nos. 000025-27</u> - February 17, 2011 e-mail from Reyn (Jack) Hendrickson to Sarah Waltner returning a signed Certificate to Sarah Waltner.

6. <u>Bates No. 000039</u> - February 23, 2011 e-mail from Reyn (Jack) Hendrickson to Sarah Waltner and Doreen

---

[7] Defendant submits these e-mails as a sampling of the types of communications exchanged between Sarah Waltner, Jack Hendrickson, and Peter Hendrickson. Since Peter Hendrickson was in custody at this time, e-mails were sent to Doreen Hendrickson and a Peter Hendrickson e-mail address which Doreen Hendrickson would retrieve. She would then pass on the content to Peter Hendrickson. Essentially, Doreen Hendrickson served as a conduit for information between Ms. Waltner, Jack Hendrickson, and Peter Hendrickson.

7

        Hendrickson in which Jack Hendrickson responds to Ms. Waltner's e-mail concerning revised Certificates associated with the § 2255 Motion and in which Reyn (Jack) Hendrickson apologizes for the delay in returning the Certificates to Ms. Waltner.

7. <u>Bates Nos. 000050-52</u> - April 11, 2010 e-mails (3) from Sarah Waltner to Reyn (Jack) Hendrickson and others enclosing a Motion to Disqualify Judge Rosen and relevant exhibits.

8. <u>Bates No. 000053</u> - April 11, 2011 e-mail from Reyn (Jack) Hendrickson to Sarah Waltner confirming receipt of documents and stating that [he – Jack Hendrickson] will begin reading them as follows: "I will be able to zero in on Thursday for the same."

9. <u>Bates No. 000054</u> - April 11, 2011 e-mail from Sarah Waltner to Reyn (Jack) Hendrickson and others confirming that Jack Hendrickson has read "these before." In addition, Ms. Waltner offers, "I can file these for you electronically if you give Doreen your ECF password."

10. <u>Bates No. 000063</u> - April 14, 2011 e-mail from Pete Hendrickson's Lost Horizons e-mail address to Sarah Waltner forwarding an e-mail dated April 14, 2011 from Reyn (Jack) Hendrickson to an e-mail address of Peter Hendrickson which included Jack Hendrickson's ECF login and password.

13. <u>Bates No. 000061</u> - April 14, 2011 e-mail from Reyn (Jack) Hendrickson to Sarah Waltner with copies to others responding with gratitude to Ms. Waltner's earlier e-mail confirming that the Motion to Disqualify Judge Rosen and the § 2255 Motion were filed earlier. In addition, Ms. Waltner informs Jack Hendrickson that he "should be receiving a confirmation in the e-mail." In his responsive e-mail, Jack Hendrickson "thanks" Ms. Waltner.

In light of these e-mails, there can be no question that Jack Hendrickson was deeply involved in and aware of the contents and filing of the § 2255 Motion. Sarah Waltner will be present in Court to answer any questions the Court or counsel may have concerning Jack Hendrickson's involvement in the Motion. In addition, Ms. Waltner will be in a position to

8

provide information concerning the preparation and execution of Jack Hendrickson's Affidavit, attached as Exhibit "D" to the § 2255 Motion. Although Jack Hendrickson did not physically file or directly cause the physical filing of the § 2255 Motion, he certainly authorized it to be filed under his name and was aware of its content.[8]

In his June 2, 2011 letter to the Court, Jack Hendrickson states that he believed Peter Hendrickson would use Jack Hendrickson's ECF information to file the § 2255 Motion as a *pro se* pleading. Aside from its objectively preposterous nature, this position belies the fact that prior to the April 14, 2011 filing of the § 2255 Motion, Jack Hendrickson filed an Entry of Appearance and at least five (5) other pleadings. Additionally, when the § 2255 Motion was filed, Ms. Waltner told Jack Hendrickson that he would receive e-mail confirmation. If the § 2255 Motion was filed *pro se*, why would Jack Hendrickson receive e-mail confirmation? Clearly, Jack Hendrickson falsely seeks, after the fact, to distance himself from any involvement in the preparation and filing of the § 2255 Motion.

 2. **Contrary to Statements in or Inferences Drawn From Jack Hendrickon's June 2, 2011 Letter to the Court, There Can be Little Doubt That Jack Hendrickson Made, Attested to, and Agreed with the Statements Attributed to Him in His Affidavit and in the Motion.**

Based on Jack Hendrickson's June 2, 2011 letter, the Court states, in its Order to Show Cause, that:

> Mr. Hendrickson's June 2, 2011 letter to the Court certainly suggests, if it does not state outright, that he did not make and does not attest to the statements attributed to him in this Affidavit.

---

[8] It is not uncommon for administrative assistants and/or paralegals to file documents in the name of counsel, especially in the days of electronic filing. In fact, undersigned counsel barely knows how to file documents through the Court's Electronic Filing System ("ECF"). Nearly every document filed in undersigned counsel's name is physically filed by his assistant, including this very Memorandum.

9

Although this conclusion is a fair one to be drawn from Mr. Hendrickson's June 2, 2011 letter, the conclusion requires crediting Mr. Hendrickson's letter. The Affidavit attached to defendant's § 2255 Motion, signed by Jack Hendrickson, is dated January 6, 2011. Mr. Hendrickson signed that Affidavit. The signature has been notarized and was witnessed by defendant's wife, Doreen Hendrickson.

In response to the Court's April 5, 2012 Order to Show Cause, the government conducted some investigation into the circumstances surrounding Mr. Hendrickson's signature on the Affidavit. On April 12, 2012, the government and, in particular Special Agents of the Internal Revenue Service, interviewed Courtney Turner, the Notary Public before whom Jack Hendrickson swore out his Affidavit attached to the § 2255 Motion. Attached hereto as Exhibit "D" is a copy of a Memorandum of Interview prepared by Internal Revenue Special Agents Richard Daly and Robert Taulbee. During her April 12, 2012 interview, Ms. Turner stated she does not have a specific recollection of Jack Hendrickson or her notarizing this particular Affidavit. Upon being shown the Affidavit, Ms. Turner stated that it would certainly have been Jack Hendrickson who signed the document for her to have notarized it and had someone asked her to notarize a document that had already been signed, after verifying their identity, she would have them resign the document to verify it was the same signature before it was notarized. Clearly, in light of Ms. Turner's statements to the Internal Revenue Service Special Agents, Jack Hendrickson signed this particular document.

Based on the above, it is clear that Jack Hendrickson was deeply involved in the preparation, review, and filing of the § 2255 Motion. Likewise, it should be clear that, at least as of the time of the filing of the § 2255 Motion, he certainly attested to and agreed with the facts set forth in the § 2255 Motion.

To the extent his June 2, 2011 letter to the Court contradicts the allegations laid in Jack Hendrickson's January 6, 2011 Affidavit, only Jack Hendrickson can explain why. For present purposes, however, it is clear that as of April 14, 2011, the date on which the § 2255 Motion was filed, Jack Hendrickson knew at least the following:

1. A § 2255 Motion would be filed under his name and ECF account;
2. The content of the Motion;
3. The Motion would include his January 6, 2011 Affidavit.

Given the certainty of these conclusions, the matters raised by the Court in its April 5, 2012 Order to Show Cause have no place in Mr. Hendrickson's resentencing. Consequently, this Court should simply resentence Mr. Hendrickson consistent with the Court of Appeals' February 8, 2012 Opinion which requires recalculation of the sentencing guidelines at 21-27 months and impose a time-served sentence, and certainly nothing more than a 27 month sentence.[9]

                                                   Respectfully submitted,

Dated: May 11, 2012            By:    */s/ Mark E. Cedrone*
                                                           Mark E. Cedrone, Esquire
                                                           123 South Broad Street – Suite 810
                                                           Philadelphia, PA 19109
                                                            Tele: (215) 925-2500
                                                           E-Mail: mec@cedrone-law.com

---

[9] As suggested above, Mr. Hendrickson may ask the Court to take another look at the tax loss calculation employed in this case. Although certain aspects of that calculation were considered by the Court of Appeals, certain arguments were not raised at the first sentencing proceeding and could properly be raised at this time.

Additionally, the government may, as it did at Mr. Hendrickson's original sentencing, seek an upward variance. The Court denied that request. There are no changed circumstances which would justify the reconsideration of this point, especially since the government did not appeal this Court's denial of its original variance request. In fact, the government can be said to have waived any right it may have had to seek an upward variance.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served this 11th day of May, 2011, via the Electronic Court Filing ("ECF") System, upon the following:

Michael C. Leibson, Esquire
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit , MI 48226-3211
Email: michael.leibson@usdoj.gov

Mark R. Daly, Esquire
U.S. Department of Justice - Tax Division
972, Ben Franklin Station
Washington , DC 20044
Email: mark.f.daly@usdoj.gov

Jack R. Hendrickson, Jr., Esquire
5757 Pontiac Trail
Ann Arbor , MI 48105
Email: rhendrickson@starpakgroup.com

William B. Butler, Esquire
33 South Sixth Street
Suite 4100
Minneapolis, MN 55402
612-630-5177
Fax: 612-339-0585
Email: bill@butlerlibertylaw.com

Harold Z. Gurewitz, Esquire
Gurewitz & Raben
333 W. Fort Street
Suite 1100
Detroit, MI 48226
Email: hgurewitz@grplc.com

                                        */s/ Mark E. Cedrone*
                                        MARK E. CEDRONE