UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                     Case No. 08-20585
                                     Hon. Gerald E. Rosen

PETER HENDRICKSON,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

    At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on          May 15, 2012

    PRESENT: Honorable Gerald E. Rosen
                     Chief Judge, United States District Court

By order dated April 21, 2011, the Court dismissed without prejudice Defendant Peter Hendrickson's motions for disqualification of the undersigned District Judge and to vacate, set aside, or correct his conviction and sentence. Through the present, *pro se* motion filed on June 6, 2011,[1] Defendant seeks reconsideration of this ruling on a number of grounds. For the reasons stated briefly below, the Court finds no basis for reconsidering or otherwise disturbing its ruling.

First, and most importantly, Defendant's motion was not timely filed. Under Local

---

[1] Although Defendant is represented by counsel, he filed the present motion on his own behalf.

Rule 7.1(h)(1) of this District, a "motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order" being challenged.[2]  The ruling that is the subject of Defendant's present motion was issued on April 21, 2011, but Defendant waited over six weeks, until June 6, 2011, to move for reconsideration of this ruling. Even if Defendant's present motion were construed as brought under Fed. R. Civ. P. 59(e) rather than Local Rule 7.1(h), it was filed well outside the 28-day period for seeking relief under Rule 59(e).  Accordingly, the Court declines to entertain Defendant's untimely request for reconsideration.

In any event, even if Defendant had timely filed his motion, he has failed to identify a basis for the Court to reconsider its April 21, 2011 ruling.  Under Local Rule 7.1(h)(3), the Court ordinarily "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  Yet, Defendant's present motion is almost entirely devoted to the expression of Defendant's disagreement with the Court's reading and application of the pertinent case law in its April 21, 2011 order.  As strongly as Defendant might believe

---

[2]Although this is a local rule for civil cases, it nonetheless is applicable here.  First, under Local Criminal Rule 1.1 and Local Civil Rule 1.1(c) of this District, the local rules for civil cases apply in civil and criminal actions alike.  In addition, Local Criminal Rule 12.1(a) expressly provides that "[m]otions in criminal cases shall be filed in accordance with the procedures set forth in [Local Civil Rule] 7.1."  Finally, to the extent that Defendant seeks reconsideration of the Court's ruling with respect to his motion brought under 28 U.S.C. § 2255, it is well settled that the Federal Rules of Civil Procedure and the corresponding local civil rules of this District apply to habeas proceedings commenced under § 2255.  *See* Fed. R. Civ. P. 81(a)(4); Rule 12, Rules Governing Section 2255 Proceedings; *see also Browder v. Director, Department of Corrections,* 434 U.S. 257, 269, 98 S. Ct. 556, 563 (1978); *United States v. Gibson,* No. 10-5231, 424 F. App'x 461, 464 (6th Cir. May 24, 2011).

that the Court misapplied this law, such mere disagreement with the Court's legal analysis does not provide a ground for reconsideration of the Court's ruling.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's June 6, 2011 motion for reconsideration (docket #119) is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: May 15, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 15, 2012, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager